IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNNY LAROND PLUMMER, #41080                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 4:11-cv-35-HTW-LRA

G.E.O., et al.                                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On March 3, 2011, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. This Court entered on March 14, 2011, an order [3] denying the plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). The order [3] further directed the plaintiff to pay the $350.00 filing fee within 30 days from the date of the order. Plaintiff was warned that failure to comply with an order of this Court or failure to notify this Court of a change of address could result in the dismissal of the instant civil action. Notwithstanding the warning issued, the plaintiff failed to respond or comply with that order [3].

When the plaintiff failed to comply with the order [3] entered on March 14, 2011, an order to show cause [6] was entered on May 11, 2011, requiring the plaintiff to file a response in writing on or before May 26, 2011, why this case should not be dismissed for his failure to comply with the Court's order [3] entered on March 14, 2011. Even though the plaintiff was once again warned in the order [6] of May 11, 2011, that if he did not comply with the Court order his case would be dismissed without further notice to him, he failed to comply with the order to show cause [6].

However, out of an abundance of caution, this Court entered a second order to show cause [7] on June 20, 2011. The plaintiff was ordered to file a written response on or before July 6, 2011, showing cause why this case should not be dismissed for his failure to comply with the Court's orders [3 & 6]. The order [7] further stated that this was the plaintiff's final opportunity to comply

with the orders [3 & 6] of this Court.  Once again, the plaintiff was warned in the order [7] of June 20, 2011, that his failure to comply with the Court's order in a timely manner would result in the instant civil action being dismissed without further notice to the plaintiff.

The plaintiff has failed to comply with the orders [3, 6 & 7] of this Court.  Consequently, this Court finds it apparent from the plaintiff's failure to comply or otherwise communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal will be without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 25th day of August, 2011.

> s/ HENRY T. WINGATE
> UNITED STATES DISTRICT JUDGE